BOWLES, Administrator, Office of Price Administration, v. AOKI.

No. 6781. Decided March 12, 1945. (157 P. 2d 255.)

See 5 C. J. S. Appeal and Error, Sec. 1540; 28 Am. Jur. 455.

*Edward F. Richards* and *Merrill C. Faux,* both of Salt Lake City, for appellant.

*Fred L. Finlinson,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

The lower court sustained a demurrer to plaintiff's complaint, and also granted a motion to strike certain allegations. Plaintiff refused to plead over. Thereupon the action was dismissed and plaintiff appealed. Appellant assigns two errors: (1) That the lower court erred in sustaining the demurrer, and (2) that the court erred in granting the defendant's motion to strike.

Defendant demurred on only two grounds: (1) That the complaint fails to state facts sufficient to constitute a cause of action; and (2) that the allegations of paragraphs 1, 3, 4, 5, 6, 7, 8, 9 and 10 "are uncertain in that it cannot be ascertained therefrom the terms of Regulation No. 271" (on which plaintiff predicates this action for injunction).

Following the paragraphs in the order numbered, the substance of the complaint is as follows: (1) That in the. judgment of the Price Administrator defendant has engaged, is now engaged, and he threatens to engage in acts and practices which constitute violations of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U. S. C. A. Appendix § 901 et seq., in that he has violated and he is violating and he threatens to violate Revised Maximum Price Regulation No. 271, published in 8 Federal Register 7017; that this action is brought to enforce compliance with the act and said regulation. (2) That jurisdiction of this action is conferred upon the court by Section 205 (a) and (c) of said statute. (3) That defendant is now and has been at the times mentioned, engaged in business in Salt Lake City, State of Utah, of buying and selling onions as an intermediate seller, as defined in Section 8 of said Regulation 271 as amended. (4) That Section 7 of said regulation provides that after May 25, 1943, no person shall sell or deliver, and that no person in the course of business or trade shall buy or receive onions at prices in excess of maximum prices established by said regulation. (5) That Section 11 (b) of said regulation provides that every sale of onions by an intermediate seller shall be accompanied by a written notification showing the base price for such sale, the variety and grade of onions sold, and the state or district where the onions were produced; and that every person subject to such regulation is required to keep records showing the basis upon which maximum prices have been determined and to make such records available for examination by the Price Administrator. (6) That defendant purchased onions in the course of trade or business at prices in excess of maximum prices established under said regulation, (and plaintiff then sets out in tabular form the invoice numbers, dates of invoices, names of sellers, quantities, grade, ceiling price, overcharge and total overcharge for each purchase). (7) That on January 3 and 8, 1944, defendant made sales of ungraded

onions in 50 pound bags at prices in excess of maximum prices established under Regulation 271 (and plaintiff sets forth in tabular form the same data as in paragraph 6 except that purchasers are named instead of sellers). (8) That said sales mentioned in paragraph 7 were made without preparation of records showing the basis on which maximum prices were determined as required by Section 22 of said regulation. (9) That on January 3, 8 and 22, 1944, defendant made sales set forth in paragraph 7, and on January 22 to one Frederickson, without giving notification to said purchasers of the aforesaid matters required to be stated by Section 11 (b) of said regulation. (10) That unless restrained defendant will continue to violate said Regulation 271 relating to sales of onions.

Plaintiff prays for an injunction restraining defendant from making sales of onions without keeping records and giving the notification required, and from directly or indirectly selling or purchasing onions at prices in excess of the maximum prices established by said regulation.

Defendant has made no appearance in this court, and has filed no brief. We must therefore examine the demurrer and the motion to strike without any aid of counsel for respondent.

The two grounds of demurrer do not question the applicability of the act of Congress, nor assail the regulation allegedly adopted thereunder as being without validity. For purposes of this appeal we must assume that the act of Congress and the regulation on which the action is predicated, are both valid.

As to the first ground of demurrer, that the complaint fails to state facts sufficient to constitute a cause of action, if the general ruling sustaining the demurrer was based upon such ground, it was erroneous. The complaint sets forth a federal statute, a regulation adopted pursuant thereto, which defendant does not assail, and past acts of violation, present failure to comply and threats to continue the prohibited practices and refusal to comply with the requirements. The substance of the regulation

in questions is set forth in several of the paragraphs, and each allegation of violation is preceded by a statement of the substance of that portion of said regulation alleged to have been violated. We are of the opinion that the allegations of the complaint are sufficient to warrant the court to issue an injunction, which is all plaintiff seeks by the action.

There is no merit to the second or special ground of demurrer. Defendant asserts by such demurrer that each paragraph except paragraph 2 is uncertain because it cannot be ascertained therefrom "the terms of Regulation No. 271." Assuming that the essential portions ■ of the regulation which allegedly were violated would have to be pleaded, there would certainly be no occasion for the pleader to set forth any more of such regulation than necessary to constitute the basis for the action or the particular relief sought. Furthermore, the portions of the regulation relied on would not have to be set forth in a single paragraph. But the complaint does set forth the substance of the particular terms of the regulation which plaintiff claims were violated either by affirmative acts or by noncompliance. Both grounds of demurrer therefore should have been overruled.

Defendant moved to strike all of paragraph 1 of the complaint. Even if the reasons stated as grounds for striking such paragraph were sound, the objection could be valid only as to a part of the paragraph. That part of the motion should have been denied because de- ■ fendant apparently conceded that a portion of the paragraph which contains material allegations of fact is properly pleaded. The same objection applies to the motion to strike paragraphs 6 and 7. Some of the information stated relates to maximum prices, to the purchase price and sale price at variance therewith. The court cannot modify a motion to strike so as to include only such allegations which would be vulnerable to such motion. A motion to strike a whole paragraph should be denied if such paragraph includes matters which should not be

stricken. A party making such motion should confine it to allegations which may properly be stricken.

None of the allegations contained in the complaint, even if they were surplusage, negative any material averments, and therefore they do not vitiate the statement of a cause of action for injunction. The judgment of the district court is reversed, and the case is remanded to that court with directions to vacate its rulings on demurrer and motion, and to overrule the demurrer and to deny the motion to strike, and allow defendant a reasonable time in which to answer. Costs to appellant.

LARSON, C. J., and WADE, TURNER, and WOLFE, JJ., concur.